IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JONATHAN D. MORLU,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-23-03387 |
| **AMAZON.COM, INC.,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Jonathan Morlu, who is self-represented, filed a Complaint in state court against Amazon.com, Inc. ("Amazon") for claims relating to a book listed for sale on Amazon's website. ECF 3. Amazon removed the case to this Court and filed a motion to dismiss Plaintiff's claims. ECF 1, 6. This Court mailed Plaintiff a Rule 12/56 letter advising of the potential consequences of failing to respond to Amazon's dispositive motion, but Plaintiff did not file a response before the deadline. ECF 7. This Court has reviewed Amazon's motion and supporting memorandum, ECF 6-1, and has determined that no hearing is necessary, *see* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Amazon's motion to dismiss will be granted.

**I.  FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Complaint, ECF 3. Because the Complaint does not have page numbers, this Court will refer to the ECF pagination in the caption of the filing.

On December 23, 2017, Erik Hanson published a book entitled *Storm Raven.* ECF 3 at 5. Several weeks earlier, on November 9, 2017, Plaintiff began advertising for sale merchandise related to his "upcoming" short film/series, also entitled "Storm Raven." *Id.* He placed "print

media specifically posters online" bearing the name "Storm Raven" beginning in 2015. *Id.* Plaintiff submitted his "Storm Raven" series to the United States Copyright Office "by 2018." *Id.* at 6.

Because Hanson sold his book on Amazon, Plaintiff notified both Hanson and Amazon about his claim for trademark infringement. *Id.* at 4, 12. He alleges, however, that Amazon knowingly continued to sell Hanson's book from 2017 to 2023. *Id.* at 12, 16. Plaintiff also alleges that both his film and Hanson's book feature female lead characters who are "hunted down by . . . military reaver[s]" and captured "into the mines." ECF 3 at 2. In this lawsuit, Plaintiff seeks to have Amazon remove the book from its website and pay $42.5 million in damages. *Id.* at 43.

## II.   LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because Plaintiff is self-represented, his pleadings and filings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-CV-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III. ANALYSIS

Plaintiff's Complaint is not a model of clarity, and it is difficult to discern the precise legal claims he asserts. Because the Complaint refers to the Lanham Act, this Court first addresses whether Plaintiff has asserted viable federal trademark infringement claims against Amazon. Trademark infringement has two prongs: "a valid and protectable mark," and a use of the mark that "creates a likelihood of confusion."[1] *George & Co. v. Imagination Ent. Ltd.*, 575 F.3d 383,

---

[1] Amazon urges this Court to apply the more defendant-friendly infringement test set forth in *Rogers v. Grimaldi,* 875 F.2d 994 (2d Cir. 1989). ECF 6-1 at 12–18. Because dicta in the Supreme

3

393 (4th Cir. 2009) (citations omitted). Plaintiff has of course pled that he has a registered trademark in "Storm Raven." ECF 3 at 10. While that registration constitutes "prima facie evidence" of the mark's validity, 15 U.S.C. § 1057(b), it does not immunize the trademark from a challenge to its validity. *See Emergency One, Inc. v. Am. Fire Eagle Engine Co.,* 332 F.3d 264, 267 (4th Cir. 2003) (quoting *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996)) ("To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services."). This Court need not determine, however, whether Plaintiff can establish that he was the first to use "Storm Raven" in connection with an actual commercial transaction or whether his sale of other merchandise amounts to priority of use involving the sale of books, because Plaintiff has failed to plead facts to support the second prong, "likelihood of confusion."

The crux of a trademark infringement claim is whether there exists a "likelihood that an appreciable number of ordinarily prudent purchasers will be misled, or indeed simply confused, as to the source of the goods in question." *Perini Corp. v. Perini Const., Inc.*, 915 F.2d 121, 127 (4th Cir. 1990) (quoting *Thompson Med. Co. v. Pfizer Inc.*, 753 F.2d 208, 213 (2d Cir. 1985)). In determining the likelihood of confusion, courts may consider factors such as the similarly of the goods that the marks identify, actual confusion, the alleged infringer's intent, and the distinctiveness of the mark in the marketplace. *George & Co.*, 575 F.3d at 393 (citations omitted). Plaintiff's Complaint has not alleged any facts to plausibly suggest any likelihood of confusion between his short film or series and Hanson's book. Both works of fiction purportedly feature

---

Court's opinion in *Jack Daniel's Props., Inc. v. VIP Products LLC,* 599 U.S. 140 (2023) raises some questions about the widespread applicability of the *Rogers* test, this Court will revert to a traditional trademark analysis out of an abundance of caution.

female lead characters who are "hunted down by . . . military reaver[s]" and captured "into the mines." ECF 3 at 2. But beyond those high-level facts, Plaintiff's Complaint does not allege specific similarities between the works' settings or storylines. Neither does the Complaint allege whether or when the short film or series was ever actually distributed or shown to the public. *See* ECF 3 at 12 (alleging only that promotional and marketing videos were released online). Thus, the Complaint contains no allegations of any actual consumers or purchasers at all for either work, let alone any allegations that they were confused. There are also no allegations of facts that show any intentional intent to confuse consumers or any distinctiveness of Plaintiff's mark in the marketplace (to the extent there has been any marketplace). All that has been alleged (other than a description of the works' content that are similar only at a high level) is that these two works have the same title and that Plaintiff has a trademark registration. Those allegations are insufficient to plead a plausible claim for trademark infringement, and Plaintiff's federal trademark-based claims must be dismissed.

As Plaintiff's only potential federal claims are subject to dismissal, any other claims Plaintiff asserts arise under state law. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction" over state law claims if, *inter alia*, the "court has dismissed all claims over which it has original jurisdiction," or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). The Supreme Court has explained that district judges should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped

out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (footnote omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

The federal trademark-based claims have dropped out of the lawsuit. The remaining state law claim of unfair competition or deceptive trade practices are better adjudicated in state court given Maryland's strong interest in adjudicating such disputes under its own laws and protocols. Thus, after considering the *Carnegie-Mellon* factors, this Court will decline to exercise supplemental jurisdiction over any pendent state law claims that Plaintiff is asserting. This Court will dismiss Plaintiff's claims without prejudice, leaving Plaintiff free to pursue them in state court.

## IV.   CONCLUSION

For the reasons set forth above, Amazon's Motion to Dismiss, ECF 6, is granted. Plaintiff's claims will be dismissed without prejudice and this case will be closed. A separate Order follows.

Dated: February 5, 2024                          /s/
                                                 Stephanie A. Gallagher
                                                 United States District Judge